| |
|---|
| **Matter of Lester** |
| 2019 NY Slip Op 35245(U) |
| September 17, 2019 |
| Surrogate's Court, Queens County |
| Docket Number: File No.2003-4438/F |
| Judge: Peter J. Kelly |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Present: HON. PETER J. KELLY
            SURROGATE

SURROGATE'S COURT: QUEENS COUNTY
------------------------------------------------------------------X
Accounting by Howard Lester, Patricia Lester
and JP Morgan Chase Bank, N.A. as the
Executors of the Estate of

DAVID MINKIN,                                    File No.2003-4438/F

                    Deceased,

for advanced payment of legal fees pursuant
to SCPA 2111.
------------------------------------------------------------------X

This is an unopposed petition pursuant to SCPA 2111 by David Adler, Esq., as Guardian ad Litem for the infant, Pablo Briger, for the advance payment of legal fees for services rendered to his ward.

The Guardian ad Litem expended 315.50 hours on this accounting proceeding representing his ward for the period September, 2011 through August, 2014, at which time he rendered a final report and his appointment ceased due to his ward's emancipation. The gross principal reported in the account exceeds $420,000,000.00 million dollars, the vast majority of which is contained in a family limited partnership (FLP). Despite the expiration of five years since his services were terminated, the Guardian ad Litem has not been paid a legal fee. This is primarily due to the

complex, protracted course of litigation taken by the respective parties in this highly contested accounting.

The Guardian ad Litem protected his ward's interests in this proceeding by filing an answer to the petition, performing an assiduous review of the pleadings and papers submitted in support of and, in opposition to, the petition, making numerous lengthy court appearances at preliminary and pretrial conferences, obtaining and reviewing voluminous discovery including over 150,000 documents produced from November 2011 through August, 2012, attending SCPA 2211 examinations, participating in motion practice, appearing before a court appointed Referee for conferences, motions and decisions on discovery related issues, engaging in written and telephonic communications with respective counsel, and preparing and filing his final report.

The Guardian ad Litem, who is among the best of his peers, has been admitted to practice in New York since 1981 and his practice consists almost exclusively of trusts and estate matters. He has served as President of the Queens County Bar Association and chaired that organization's Trusts and Estates section for over twenty five (25) years. He is a member of the Executive Committee for Estates and Trusts with the New York State Bar Association and lectures on trusts

and estates practice and has published numerous articles in various publications including the New York State Bar Journal and the Queens Bar Bulletin. He is AV Preeminent rated by Martindale-Hubbell. His expertise is unquestioned.

The Court, in considering the factors set forth in *Matter of Potts*, 213 AD 59, *aff'd* 241 NY 593 and *Matter of Freeman*, 34 NY2d 1, to wit: (a) the time and legal services required and spent (b) the difficulties of questions involved (c) the skill required to handle the problems presented and the Guardian ad Litem's experience, ability and reputation, (d) the nature of the services rendered, (e) the amount involved, (f) the responsibility involved and (g) the results obtained, sets the Guardian ad Litem's fee in the sum of $118,312.50 for the representation of his ward to be paid from the estate assets.

Submit order.

Dated: September 17, 2019

_____
SURROGATE